UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br><br>and<br><br>THE STATE OF IOWA,<br><br>        Plaintiffs,<br><br>        v.<br><br>THE CITY OF WATERLOO, IOWA<br><br>        Defendant. | Civil Action No. 6:15-cv-02087-LRR |

COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Iowa, by authority of the Attorney General of Iowa and through the undersigned attorneys, file this Complaint and allege as follows:

NATURE OF THE ACTION

1. This is a civil action for injunctive relief and the imposition of civil penalties brought against the City of Waterloo, Iowa ("the City" or "Waterloo") pursuant to Sections 309(b) and (d) of the federal Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), and Iowa Code § 455B.191, for the City's numerous illegal discharges of pollutants, including untreated

sewage, in violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a), and Iowa Code § 455B.186(1), and for violations of the conditions established in the National Pollutant Discharge Elimination System ("NPDES") permit issued to the City by the Iowa Department of Natural Resources ("IDNR"), as authorized by EPA under Section 402(b) of the CWA, 33 U.S.C. § 1342(b), and Iowa Code § 455B.174(4)(a).

2. Among other things, the City has violated its Clean Water Act permit by discharging untreated sewage into the Cedar River and its tributaries, allowing repeated backups of sewage-laden wastewater into homes and other buildings, and failing to properly operate and maintain its sewage treatment and collection systems.

3. The State of Iowa has joined this action as a plaintiff, thereby satisfying the requirements of Section 309(e) of the CWA, 33 U.S.C. § 1319(e).

## JURISDICTION, VENUE, AND NOTICE

4. This Court has jurisdiction over the subject matter of this action pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345 and 1355.

5. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a), because the state claims are so related to the federal claims as to form part of the same case or controversy.

6. Venue is proper in the Northern District of Iowa pursuant to 28 U.S.C. §§ 1391(b) and 1395(a), and 33 U.S.C. § 1319(b), because it is the judicial district where the City is located and where the alleged violations occurred.

7. As a signatory to this Complaint, the State has actual notice of the commencement of this action in accordance with Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## THE PARTIES

8. The United States is acting on behalf of EPA. The Attorney General is authorized to appear and represent the United States in this action pursuant to Section 506 of the CWA, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

9. The State of Iowa institutes this action pursuant to Iowa Code §§ 455B.112 and 455B.191. The Iowa Attorney General is authorized to appear and represent the State in this action pursuant to Iowa Code § 455B.112.

10. Defendant City of Waterloo, located in Black Hawk County, is a political subdivision of the State of Iowa and a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362 (5), and Iowa Code § 455B.171(18).

11. The City owns and operates a treatment plant and sanitary sewer system, which is a "publicly owned treatment works" within the meaning of 40 C.F.R. § 403.3 and a "disposal system" within the meaning of Iowa Code § 455B.171(5), and which receives and treats domestic sewage and wastewater in the Waterloo area.

## STATUTORY AND REGULATORY BACKGROUND

12. The CWA is a comprehensive statute designed "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To achieve that goal, Section 301(a) of the CWA, 33 U.S.C. § 1311(a), and implementing regulations, prohibit the "discharge of pollutants" except as in compliance with an NPDES permit issued by EPA or by an authorized state pursuant to Section 402 of the CWA, 33 U.S.C. § 1342. "Discharge of pollutants" is defined as "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

13. "Navigable waters" is defined as "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7). "Waters of the United States" has been further defined to include, *inter alia*, waters which are currently used, were used in the past, or may be susceptible to use in interstate and foreign commerce (hereinafter "traditional navigable waters") and tributaries of such waters. 40 C.F.R. § 122.2.

14. Section 402(a) of the CWA, 33 U.S.C. § 1342(a), provides that, in issuing NPDES permits, EPA or an authorized state shall prescribe such conditions as it determines are necessary to carry out the provisions of the CWA, including but not limited to the applicable requirements of Section 301 of the CWA, 33 U.S.C. § 1311.

15. Section 402(b) of the CWA, 33 U.S.C. § 1342(b), authorizes EPA to approve a state to administer the NPDES program within its jurisdiction. The State of Iowa, acting through IDNR, has been approved to administer Iowa's NPDES program since 1978. Pursuant to Sections 309 and 402(i) of the CWA, 33 U.S.C. §§ 1319 and 1342(i), EPA retains authority, concurrent with authorized state NPDES programs, to enforce state-issued permits.

16. Pursuant to 40 C.F.R. § 123.25, authorized state NPDES programs must be administered in conformity with federal regulations on permitting issued by EPA. Among those federal regulations, 40 C.F.R. § 122.41 requires that certain minimum "standard conditions" be applied in every NPDES permit. However, states may modify the required provisions in their state-issued permits to establish more stringent requirements for permittees. 40 C.F.R. § 123.25.

17. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes EPA to commence a civil action for appropriate relief, including a permanent or temporary injunction, when any person violates, <u>inter alia</u>, Section 301 of the CWA, 33 U.S.C. § 1311(a), or any condition or

Page 4 of 17

Case 6:15-cv-02087-LRR   Document 2   Filed 10/26/15   Page 4 of 17

limitation in a permit issued under Section 402 of the CWA, 33 U.S.C. § 1342. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person committing such violations shall be subject to a civil penalty not to exceed $25,000 per day for each violation.

18. The statutory maximum civil penalty for enforcement actions under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $32,500 per day for each violation occurring after March 15, 2004 through January 12, 2009, and $37,500 per day for each violation occurring after January 12, 2009, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note), as amended by the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3701 note); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); 73 Fed. Reg. 75,340-75,346 (Dec. 11, 2008); and 78 Fed. Reg. 66,643-66,648 (Nov. 6, 2013), codified at 40 C.F.R. Part 19.

19. Iowa Code § 455B.186(1) and 567 IAC 62.1(1) prohibit the discharge of pollutants to any water of the state, except where pursuant to a permit issued by IDNR.

20. Iowa Code § 455B.171(20) defines "pollutant" as "sewage, industrial waste, or other waste." Iowa Code § 455B.171(39) defines "water of the state" to mean, *inter alia*, "any stream, . . . watercourse, waterway, . . . and any other body or accumulation of water, surface or underground, natural or artificial, public or private, which are contained within, flow through or border upon the state or any portion thereof."

21. Iowa Code § 455B.186(1) and 567 IAC 64.3(1) prohibit the operation of "any wastewater disposal system or any part thereof without, or contrary to any condition of," the permit issued by IDNR.

22. Iowa Code § 455B.171(5) defines a "disposal system" to include "sewer systems,

treatment works, point sources, dispersal systems, and any systems designed for the usage or disposal of sewage sludge."

23.     Pursuant to Iowa Code §§ 455B.112 and 455B.191, the State of Iowa is authorized to enforce water pollution control laws and to commence a civil action for appropriate relief to address violations of Iowa Code § 455B.186(1), 567 IAC 62.1(1) and 64.3(1).  Such relief may include a permanent or temporary injunction, as well as a civil penalty of up to $5,000 per day for each violation.  Iowa Code §§ 455B.191(2), (5).

## GENERAL ALLEGATIONS

24.     At all relevant times, the City has owned, and has been responsible for the operation and maintenance of, a Sewage Treatment Plant ("Treatment Plant"), located at 3505 Easton Avenue in Waterloo, Iowa.  The Treatment Plant serves a population of approximately 70,000 people and approximately 20 industrial users.  The Treatment Plant consists of two facilities: the Easton facility and the adjacent Satellite facility.  The Easton facility treats the city's domestic and industrial wastewater.  The Satellite facility was originally designed to treat industrial wastewater, but the facility is not in operation and the industrial waste is rerouted to the Easton facility.  At the Treatment Plant, wastewater is treated through a process of screening, grit removal, primary clarification, aeration, and final clarification.  The treated wastewater is then discharged to the Cedar River.  When wastewater flow to the Treatment Plant exceeds the Treatment Plant's capacity, excessive flow is diverted to two equalization basins, where it is stored and then either directed back to the Treatment Plant or else directly discharged, without treatment, to the Cedar River.

25.     At all relevant times, the City has owned, and has been responsible for the

operation and maintenance of, a sanitary sewer collection system ("Sewer System"), which receives domestic sewage and industrial and commercial wastewater in the Waterloo area and feeds into the Treatment Plant. The Sewer System includes, without limitation, approximately 25 sanitary pumping stations, 350 miles of sanitary sewer lines, and thousands of sanitary manholes. Due to leaks and inappropriate connections within the Sewer System, stormwater and groundwater enter the Sewer System as well ("inflow and infiltration"), increasing the volume of wastewater carried by the System and creating capacity problems. During periods of wet weather, the City deploys portable pumps that discharge wastewater from the Sewer System directly into waterways in the Waterloo area, in order to alleviate these capacity problems.

26. The Treatment Plant and Sewer System are "disposal systems" within the meaning of Iowa Code § 455B.171(5), Iowa Code § 455B.186(1) and 567 IAC 64.3(1).

27. On September 10, 2002, IDNR, under the authority of Section 402 of the CWA, 33 U.S.C. § 1342, Iowa Code § 455B.174(4)(a), and 567 IAC 64.3(1), issued NPDES Permit No. IA0042650 (the "Permit") for the City's Treatment Plant. The 2002 Permit expired in 2007 and was administratively continued until a new permit was issued on March 1, 2010. The 2010 version of the Permit was amended on October 1, 2011. The amendment adjusted certain effluent limitations for nitrogen, and modified the "standard conditions" that applied to the Permit. The Permit, as amended, expired on February 28, 2015, and has been administratively continued until a new permit is issued.

28. Subject to certain conditions and limitations, at all relevant times the Permit has authorized the City to discharge pollutants only from specified point sources or "outfalls" into specified waters, namely the Cedar River. The authorized outfalls include a diffuser in the Cedar

Page 7 of 17

Case 6:15-cv-02087-LRR   Document 2   Filed 10/26/15   Page 7 of 17

River ("Outfall 801"), which is the primary outfall for the Treatment Plant, and a shoreline outfall ("Outfall 009") that is used instead of Outfall 801 when the Cedar River is above 5.65 feet.

29. On at least 319 occasions between April 1, 2008 and August 31, 2015, the City has discharged and continues to discharge "pollutants," including untreated wastewater containing raw sewage, within the meaning of Sections 502(6) and (12) of the CWA, 33 U.S.C. § 1362(6) and (12), and Iowa Code § 455B.171(20), from the Treatment Plant and Sewer System through various "point sources" as defined by Section 502(14) of the CWA, 33 U.S.C. § 1362(14), and Iowa Code § 455B.171(19), to the Cedar River, a traditional navigable water, and tributaries of the Cedar River, including Black Hawk Creek. Black Hawk Creek has a bed, banks, and an ordinary high water mark and flows year round.

30. The Cedar River and Black Hawk Creek constitute "navigable waters" and "waters of the United States" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7), and regulations promulgated thereunder, as well as "water[s] of the state" as defined in Iowa Code § 455B.171(39).

31. On at least 500 occasions between April 1, 2008 and August 31, 2015, the City's Sewer System has released wastewater containing raw sewage onto public and private property, and into homes and other buildings located in the City of Waterloo, where persons have or may have come into contact with such sewage.

32. Raw sewage can carry bacteria, viruses, parasitic organisms, intestinal worms, and inhaled molds and fungi. The diseases that can be caused by these contaminants range in severity from mild gastroenteritis (causing stomach cramps and diarrhea) to life-threatening

ailments such as cholera, dysentery, infectious hepatitis, and severe gastroenteritis. Children, the elderly, pregnant women, and people with suppressed immune systems face added risk of contracting serious illnesses from exposure to raw sewage.

## FIRST CLAIM FOR RELIEF
### Illegal Discharges of Untreated Sewage

33. Paragraphs 1-32 are realleged and incorporated herein by reference.

34. As alleged in Paragraph 29, between April 1, 2008 and August 31, 2015, the City has discharged untreated wastewater containing raw sewage, totaling in excess of 911 million gallons, from point sources within its Treatment Plant and Sewer System to the Cedar River and its tributaries. These point sources include, but are not limited to, overflow points at the Treatment Plant and various manholes, lift stations, and sewer lines within the Sewer System. These point sources were not identified in the City's NPDES permit as authorized outfalls and none of these discharges are permitted or otherwise authorized by the CWA, or other federal, state or local law or regulation.

35. Each day of each illegal discharge of pollutants is a separate violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a), Iowa Code § 455B.186(1) and 567 IAC 62.1(1) and 64.3(1).

36. On information and belief, subject to a reasonable opportunity for further investigation and discovery, unless enjoined by an order of the Court the City will continue to violate the aforementioned statutory and regulatory provisions.

37. The City is liable for civil penalties of up to $32,500 per day for each violation occurring after March 15, 2004 and through January 12, 2009, and $37,500 per day for each violation occurring after January 12, 2009, pursuant to Sections 309(b) and (d) of the CWA, 33

U.S.C. § 1319(b) and (d); the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note), as amended by the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3701 note); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); 73 Fed. Reg. 75,340-75,346 (Dec. 11, 2008); and 78 Fed. Reg. 66,643-66,648 (Nov. 6, 2013), codified at 40 C.F.R. Part 19.

38. Pursuant to Iowa Code §§ 455B.112 and 455B.191(2) and (5), the City is liable for injunctive relief and up to $5,000 per day for each violation.

## SECOND CLAIM FOR RELIEF
### Violation of Permit Effluent Limitations

39. Paragraphs 1-32 are realleged and incorporated herein by reference.

40. At all times relevant to this Complaint, the Permit has included, among other limitations, daily, weekly, and/or monthly limits on carbonaceous biological oxygen demand ("CBOD5"), total suspended solids ("TSS"), total nitrogen, ammonia-nitrogen, and pH in effluent lawfully discharged from Outfall 801. The version of the Permit issued in 2010 also included limits on those parameters for effluent lawfully discharged from Outfall 009. The 2011 amendment to the Permit revised the total nitrogen mass limits for Outfalls 009 and 801, and added certain ammonia-nitrogen mass limits for Outfall 801.

41. On at least 20 occasions between April 1, 2008 and August 31, 2015, the City has discharged effluent from Outfall 801 containing CBOD5, TSS, total nitrogen, ammonia, or pH levels in excess of the applicable daily, weekly, or monthly Permit limit at that time. These 20 incidents are equivalent to 279 days of Permit violations.

42. On at least 4 occasions between March 1, 2010 and August 31, 2015, the City has discharged effluent from Outfall 009 containing ammonia or pH levels in excess of the

applicable daily, weekly, or monthly Permit limit at that time. These 4 incidents are equivalent to 63 days of Permit violations.

43. Each such violation of the applicable effluent limitations is a violation of the Permit and of Iowa Code § 455B.186(1) and 567 IAC 62.1(1) and 64.3(1), and each day of each discharge is a separate violation.

44. On information and belief, subject to a reasonable opportunity for further investigation and discovery, unless enjoined by an order of the Court the City will continue to violate the aforementioned statutory and regulatory provisions.

45. The City is liable for civil penalties of up to $32,500 per day for each violation occurring after March 15, 2004 and through January 12, 2009, and $37,500 per day for each violation occurring after January 12, 2009, pursuant to Sections 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d); the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note), as amended by the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3701 note); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); 73 Fed. Reg. 75,340-75,346 (Dec. 11, 2008); and 78 Fed. Reg. 66,643-66,648 (Nov. 6, 2013), codified at 40 C.F.R. Part 19.

46. Pursuant to Iowa Code §§ 455B.112 and 455B.191(2) and (5), the City is liable for injunctive relief and up to $5,000 per day for each violation.

### THIRD CLAIM FOR RELIEF
**Violation of Operation and Maintenance Conditions in Permit**

47. Paragraphs 1-32 are realleged and incorporated herein by reference.

48. Pursuant to 40 C.F.R. § 122.41(d) and (e), 40 C.F.R. § 123.25, and 567 IAC 64.7(7)(f) and (i), at all relevant times, the City's Permit has required compliance with a standard

condition regarding "Proper Operation and Maintenance," which states that "All facilities and control systems shall be operated as efficiently as possible and maintained in good working order," and a standard condition regarding "Duty to Mitigate," which requires the City to "take all reasonable steps to minimize or prevent any discharge in violation of this permit which has a reasonable likelihood of adversely affecting human health or the environment" (collectively, the "Operation and Maintenance Conditions").

49. On information and belief, subject to a reasonable opportunity for further investigation and discovery, the City has failed to properly operate and maintain its sewer system by, for example, not adequately cleaning or repairing the sewer system or providing adequate capacity to accommodate a growing service population. Such failure to properly operate and maintain the system has caused or contributed to numerous releases of sewage-laden wastewater into homes and other buildings, onto public and private property, and into waterways.

50. Consequently, some or all of the violations alleged in Paragraphs 29, 31 and 34 above have resulted, in whole or in part, from the City's failure to comply with the Operation and Maintenance Conditions of the Permit.

51. Each day the City violated the Operation and Maintenance Conditions of its Permit constitutes a separate violation of the Permit and of 567 IAC 64.3(1).

52. On information and belief, subject to a reasonable opportunity for further investigation and discovery, unless enjoined by an order of the Court the City will continue to violate the Operation and Maintenance Conditions of its Permit and the aforementioned statutory and regulatory provisions.

53. The City is liable for civil penalties of up to $32,500 per day for each violation

occurring after March 15, 2004 and through January 12, 2009, and $37,500 per day for each violation occurring after January 12, 2009, pursuant to Sections 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d); the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note), as amended by the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3701 note); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); 73 Fed. Reg. 75,340-75,346 (Dec. 11, 2008); and 78 Fed. Reg. 66,643-66,648 (Nov. 6, 2013), codified at 40 C.F.R. Part 19.

54. Pursuant to Iowa Code §§ 455B.112 and 455B.191(2) and (5), the City is liable for injunctive relief and up to $5,000 per day for each violation.

## FOURTH CLAIM FOR RELIEF
### Violation of Bypass Prohibition Condition in Permit

55. Paragraphs 1-32 are realleged and incorporated herein by reference.

56. Pursuant to 40 C.F.R. § 122.41(m), 40 C.F.R. § 123.25, and 567 IAC 63.6, at all relevant times, the City's Permit has required compliance with a standard condition which generally prohibits "bypass," except under specified conditions ("Bypass Prohibition Condition"). Although all bypasses are prohibited, enforcement action may not be taken if a bypass was "unavoidable to prevent loss of life, personal injury, or severe property damage," there were "no feasible alternatives to the bypass," and the permittee provides notice of the bypass.

57. Some or all of the violations alleged in Paragraphs 29, 31 and 34 above have resulted, in whole or in part, from the City's failure to comply with the Bypass Prohibition Condition of its Permit by allowing "bypasses," within the meaning of the Bypass Prohibition Condition as then in effect, that were not necessary to prevent loss of life, personal injury, or

severe property damages; for which feasible alternatives existed; and for which notice was not provided, in violation of the Permit.

58. Each day the City violated the Bypass Prohibition Condition of its Permit constitutes a separate violation of the Permit and of 567 IAC 64.3(1).

59. On information and belief, subject to a reasonable opportunity for further investigation and discovery, unless enjoined by an order of the Court the City will continue to violate the Bypass Prohibition Condition of its Permit and the aforementioned statutory and regulatory provisions.

60. The City is liable for civil penalties of up to $32,500 per day for each violation occurring after March 15, 2004 and through January 12, 2009, and $37,500 per day for each violation occurring after January 12, 2009, pursuant to Sections 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d); the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note), as amended by the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3701 note); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); 73 Fed. Reg. 75,340-75,346 (Dec. 11, 2008); and 78 Fed. Reg. 66,643-66,648 (Nov. 6, 2013), codified at 40 C.F.R. Part 19.

61. Pursuant to Iowa Code §§ 455B.112 and 455B.191(2) and (5), the City is liable for injunctive relief and up to $5,000 per day for each violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America and the State of Iowa, respectfully request that the Court:

1. Pursuant to 33 U.S.C. § 1319(b), and Iowa Code § 455B.191, enjoin the City from

any and all ongoing and future violations of the CWA and Iowa Code ch. 455B by ordering compliance with the CWA and Iowa Code ch. 455B;

2. Order the City to take all steps necessary to come into permanent and consistent compliance with the prohibition on unpermitted discharges contained in Section 301(a) of the CWA, 33 U.S.C. § 1311(a), and Iowa Code § 455B.186(1);

3. Order the City to take all steps necessary to achieve permanent and consistent compliance with the CWA and the regulations promulgated thereunder, Iowa Code ch. 455B, and all terms and conditions of its NPDES Permit;

4. Pursuant to 33 U.S.C. § 1319(d), and Iowa Code § 455B.191, assess civil penalties against the City, as permitted by law, up to the date of judgment herein;

5. Order the City to take all steps necessary to redress or mitigate the impact of its violations;

6. Award Plaintiffs their costs of this action; and

7. Award such other and further relief as the Court deems appropriate.

Dated: October 26, 2015

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, DC

    /s/ Danica Anderson Glaser
DANICA ANDERSON GLASER
*Lead Counsel*
FREDERICK S. PHILLIPS
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Tel.: (202) 514-5270
Fax: (202) 514-0097
danica.glaser@usdoj.gov


LOCAL COUNSEL:

KEVIN W. TECHAU
United States Attorney
Northern District of Iowa


    /s/ Matthew J. Cole
MATTHEW J. COLE
Chief of the Civil Division
U.S. Attorney's Office
Northern District Of Iowa
111 7th Avenue, SE
Box #1
Cedar Rapids, IA 52401
Phone: (319) 363-6333
Cedar Rapids Fax Line: (319) 363-1990
Cedar Rapids TTY Line: (319) 286-9258


OF COUNSEL:

CHRISTOPHER MUEHLBERGER
Attorney, Office of Regional Counsel
U.S. Environmental Protection Agency, Region 7
11201 Renner Boulevard
Lenexa, KS 66219

FOR THE STATE OF IOWA:

THOMAS J. MILLER
ATTORNEY GENERAL
OF THE STATE OF IOWA

 /s/ David S. Steward
DAVID S. STEWARD
JACOB J. LARSON
Assistant Attorney General
Environmental Law Division
Iowa Department of Justice
Lucas State Office Building
321 E. 12th Street, Ground Flr.
Des Moines, IA 50319
Tel.: (515) 281-5351
Fax: (515) 242-6072
E-mail: david.steward@iowa.gov